Phillip **MALONEY**, Plaintiff-Appellant,

v.

**CITY OF MARIETTA, et al.,**
**Defendants-Appellees.**

Nos. 86–8043, 86–8256.

United States Court of Appeals,
Eleventh Circuit.

July 27, 1987.

Donald F. Samuel, The Garland Firm, Atlanta, Ga., for plaintiff-appellant.

Joseph C. Parker, Marietta, Ga., for defendants-appellees.

Before HILL, and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

HILL, Circuit Judge:

This case presents the question of whether a white male plaintiff can recover statutorily authorized attorney's fees as a "prevailing party" in an action to enforce compliance with a specific provision of the Voting Rights Act of 1965. We answer this question in the affirmative, and therefore reverse the judgment of the district court.

## BACKGROUND

In August 1985, appellant Phillip Maloney initiated this action under the Voting Rights Act seeking a temporary restraining order (TRO) against the City of Marietta, Georgia and various city officials. The complaint sought to enjoin the operation of Ordinance No. 3700 of the City Charter, Art. II, Sec. 2.3, which imposed a one-year ward residency requirement on candidates for the Marietta City Council. Prior to the adoption of this ordinance in 1980, the charter required only one year's residence within the City as a whole. At the time he brought this lawsuit, Maloney had been a resident of the City for more than one year, but had not been a resident of the ward he sought to represent. He therefore was denied qualification as a candidate for the October 1, 1985 city council elections.

Maloney challenged the validity of the ordinance on the ground that it had not been precleared, as required by section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.[1] When Maloney first applied for a TRO on August 15, 1985, the district court denied relief due to a lack of evidence as to whether the City had ever submitted Ordinance 3700 to the United States Attorney General after its passage in 1980. On August 19, 1985, the City submitted the ordinance for review by the Attorney General. At a second hearing before the district court on September 9, 1985, the court granted a TRO based on additional evidence that no submission had originally been made, including the City's "resubmission" of the ordinance after Maloney filed this complaint. The court's order entered on September 10 enjoined the City from holding its election without placing Maloney on the ballot and allowing him at least six weeks to campaign.

On the evening of September 10, however, the City informed the district court and Maloney that it had received preclearance of the ordinance from the Attorney General. At a hearing conducted on September 11, the court vacated its TRO and indicated its intention to grant the City's oral motion to dismiss, on the ground that there was no longer a colorable federal

---

1. Section 5 bars any political subdivision of the State of Georgia, among other states, from enforcing any change in voting qualifications or procedures until the new provision has been approved. This approval may be obtained either by means of a declaratory judgment action in the United States District Court for the District of Columbia or by submitting it for review by the United States Attorney General. 42 U.S.C. § 1973c. It is undisputed that the City has never sought approval via a declaratory judgment action.

claim now that the City had received pre-clearance of the ordinance. Maloney then moved for an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1973*l* (e), claiming that he was a "prevailing party" in this action. The district court acknowledged that Maloney fit the definition of a prevailing party as recently articulated by this circuit. The court noted, however, that Maloney is a white male, not a member of a minority group, nor could he be considered a representative of minority citizens of Marietta. The court also observed that the ward residency requirement which Maloney challenged historically has favored, rather than disfavored, minority voting rights. Concluding that "minority rights are not even facially implicated by the particular facts presented," the district court denied Maloney's motion for fees and costs. We now reverse.

## DISCUSSION

### Standard of Review

We review the district court's denial of attorney's fees pursuant to section 1973*l* (e) [2] under an abuse of discretion standard. *Solomon v. City of Gainesville*, 796 F.2d 1464, 1466 (11th Cir.1986). Our cases have made clear, however, that a court's discretion to deny fees to a prevailing party in these cases is "exceedingly narrow." *See id.; Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954, 955 (5th Cir. Unit B 1981).[3] Indeed, a prevailing plaintiff ordinarily is entitled to a fee award "as a matter of course" absent special circumstances that would render such an award unjust. *Solomon*, 796 F.2d at 1466; *Gates v. Collier*, 616 F.2d 1268, 1275 (5th Cir. 1980),[4] *modified on other grounds*, 636

F.2d 942 (5th Cir.1981); *accord Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968).

### Meaning of "Prevailing Party" and "Special Circumstances"

The district court apparently determined that Maloney was a prevailing party as that term has been defined in this circuit. This court has recognized that a party may "prevail" in an action without obtaining formal judicial relief, such as when remedial action effectively moots the lawsuit before trial, where the plaintiff has successfully vindicated his right. *See Fields v. City of Tarpon Springs*, 721 F.2d 318, 321 (11th Cir.1983) (and cases cited therein); *Doe v. Busbee*, 684 F.2d 1375, 1379 (11th Cir.1982). As we recently reiterated,

> [t]he prevailing party test is "whether he or she has received substantially the relief requested or has been successful on the central issue," *Watkins v. Mobile Housing Board*, 632 F.2d 565, 567 (5th Cir. Unit B. 1980), or, stated another way, whether "plaintiffs' lawsuit was a catalyst motivating defendants to provide the primary relief sought in a manner desired by litigation." *Robinson v. Kimbrough*, 652 F.2d 458, 465 (5th Cir. 1981).

*Martin v. Heckler*, 773 F.2d 1145, 1149 (11th Cir.1985) (en banc). The central legal issue in this case was the City's failure to meet the preclearance requirement of the Voting Rights Act, which the City proceeded to do *after* Maloney initiated this action. Thus, the district court correctly found that the plaintiffs' lawsuit "was the catalyst in

---

**2.** Both the Supreme Court and this court have acknowledged that the fee award provisions of the Voting Rights Act, the Civil Rights Act of 1964, and 42 U.S.C. § 1988 are similar in language and purpose; therefore, the standards for awarding fees should be generally the same under all these provisions. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983); *Hanrahan v. Hampton*, 446 U.S. 754, 758 n. 4, 100 S.Ct. 1987, 1989 n. 4, 64 L.Ed.2d 670 (1980); *Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 543 (5th Cir. 1980). Accordingly, we rely on cases construing the scope of the fee award provisions of

these other statutes as well as cases dealing specifically with section 1973*l* (e).

**3.** This circuit has adopted as precedent all decisions of Unit B of the former Fifth Circuit. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

**4.** The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

motivating Defendants to secure expedited clearance of the residency requirement." Dist.Ct. Order at 3.

However, the district court went on to state that the lawsuit "must have in some sense vindicated Plaintiff's civil rights in order for him to be considered a 'prevailing' party." *Id.* at 3. The court determined that because "the particular facts of this case do not implicate the civil rights of minorities," Maloney "cannot be considered to have vindicated civil rights by bringing his action, and thus is not entitled to an award of attorney's fees as a prevailing party." *Id.* at 4. The court apparently concluded that because Maloney was neither a member of a minority group nor a representative of a class of minority citizens, his action could not be characterized as one undertaken to vindicate civil rights and thus did not merit an award of attorney's fees. We find this conclusion to be unfounded and an abuse of discretion.

■ As an initial matter, we fail to see how a lawsuit which the district court found was the catalyst in motivating the City to comply with an express provision of the Voting Rights Act could not be characterized as an action which vindicated civil rights.[5] Regardless, the relevant inquiry in the prevailing party analysis is whether the plaintiff's lawsuit successfully vindicated a particular right guaranteed under a statute which authorizes the awarding of attorneys' fees, not whether the plaintiff's action somehow advanced the broader concept of minority civil rights. *Cf. Donnell v. United States,* 682 F.2d 240, 245 (D.C. Cir.1982) (purpose of section 1973*l* (e) is to encourage private litigants "to act as 'private attorneys general' in seeking to vindicate the civil rights laws"), *cert. denied,* 459 U.S. 1204, 103 S.Ct. 1190, 75 L.Ed.2d 436 (1983). The legislative history makes clear that any prevailing plaintiff normally should recover fees: "A party seeking to enforce the rights protected by the Constitutional clause or statute under which fees are authorized ..., if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" S.Rep. No. 295, 94th Cong., 1st Sess. 40 (1975) (quoting *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. at 402, 88 S.Ct. at 966), *reprinted in* U.S.Code Cong. & Admin.News 774, 807. Maloney instituted this lawsuit in order to compel the City to comply with a specific provision of the Voting Rights Act. Because his lawsuit was the catalyst in vindicating a right guaranteed under the Act, he must be considered a prevailing party under the fee award provision of section 1973*l* (e).

■ Moreover, the particular statute vindicated in this case is comprehensive in scope and broadly applicable in the jurisdictions subject to its requirements. In fact, section 5 has been interpreted as requiring the preclearance of "[a]ny change affecting voting, even though it appears to be minor or indirect, [or] even though it ostensibly *expands* voting rights...." Department of Justice Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. § 51.11 (1986) (emphasis added) (quoted with approval in *NAACP v. Hampton County Electric Comm'n,* 470 U.S. 166, 179, 105 S.Ct. 1128, 84 L.Ed.2d 124 (1985)). Clearly, the applicability of the preclearance requirement does not depend on who is attempting to enforce compliance with it, or for what reason. It follows, therefore, that any plaintiff who successfully vindicates the requirements of section 5 should be considered a prevailing party, without regard to the plaintiff's race or motives for bringing the action.

■ Finally, the fact that Maloney is not a minority citizen or representative cannot be considered as special circumstances justifying the district court's denial of attor-

5. By enacting the Voting Rights Act and subsequent amendments, Congress has evidenced its determination that compliance with the Act's provisions is of importance in protecting minority race participation in government and government's response to the legitimate interests of minority citizens. Where there has been non-compliance, the actor whose litigation brings about compliance has protected important civil rights of minorities, no matter that the actor's *motives* may have been far less than altruistic. The grounds upon which a litigation are based are rarely identical to the motive of the litigator.

ney's fees. We note that the special circumstances exception is a judicially created concept, not mentioned in any of the fee award statutes, and therefore "should be narrowly construed so as not to interfere with the congressional purpose in passing such statutes." *Martin v. Heckler*, 773 F.2d at 1149–50. This court has recognized several situations which might constitute special circumstances justifying the denial of a fee award: (1) where the plaintiff's action asserted essentially a private tort claim for money damages, (2) where the plaintiff was not instrumental in achieving the remedy sought, (3) where the plaintiff challenged an antiquated, rarely enforced statute, and (4) where the plaintiff through a settlement or consent order agreed to compromise his right to pursue subsequent fees. *Id.* at 1151 (citing *Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 544–45 (5th Cir.1980)). Nowhere is the particular race or gender of the plaintiff mentioned as a special circumstance which alone would justify the denial of attorney's fees.

Because the district court abused its discretion in denying Maloney's motion for attorney's fees and costs, we REVERSE the order of the district court and REMAND this matter for determination of an appropriate fee award.