# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00959-SCT

*BILLY M. CRUSE*

*v.*

*JOHNNY NUNLEY, SHERIFF OF TISHOMINGO*
*COUNTY, MISSISSIPPI, INDIVIDUALLY, AND IN*
*HIS OFFICIAL CAPACITY; AND THE TISHOMINGO*
*COUNTY, MISSISSIPPI, BOARD OF SUPERVISORS,*
*INDIVIDUALLY, AND IN THEIR OFFICIAL*
*CAPACITY; RICKY CUMMINGS; M. R. WHITEHEAD;*
*PERRY DALE PRICE; RICHARD DOBBS; D. W.*
*MCKEE; DANNY RYAN; LEON COOK AND FRANK*
*WILLIAMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/95 |
| TRIAL JUDGE: | HON. JOE N. PIGOTT |
| COURT FROM WHICH APPEALED: | TISHOMINGO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LUTHER C. FISHER, IV |
| ATTORNEY FOR APPELLEES: | NICHOLAS B. PHILLIPS |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | REVERSED AND REMANDED - 9/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/9/97 |

**BEFORE PRATHER, P.J., BANKS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Billy M. Cruse, former inmate of the Tishomingo County Jail, was awarded compensatory damages and injunctive relief against Johnny Nunley, the former Sheriff of Tishomingo County and the Tishomingo County Board of Supervisors for violations of Miss. Code Ann. §§ 47-1-57 (Supp. 1997); 47-1-59 (Supp. 1993) and 42 U.S.C. § 1983.

¶2. Cruse thereafter filed a motion for attorney's fees under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. After review, the trial court denied the motion. Cruse now appeals the denial

of this motion to this Court. Because of the absence of a finding by the trial judge of special circumstances which would render an award of attorney's fees unjust, we reverse and remand for findings in accordance with this opinion.

## STATEMENT OF FACTS

¶3. Billy M. Cruse, an inmate in the Tishomingo County Jail, filed a 42 U.S.C. § 1983 civil rights action against the Sheriff of Tishomingo County and the Board of Supervisors in their official and individual capacities. Cruse alleged that former Tishomingo County Sheriff Johnny Nunley failed to provide him with medical attention despite repeated requests. Cruse also alleged that the policies and procedures of the Tishomingo County Jail violated the Eighth, Fifth, and Fourteenth Amendments of the United States Constitution. Cruse alleged that Tishomingo County failed to provide jail inmates with adequate space, hygiene items, personal exercise, fire exits, segregation of prisoners, lighting, food, ventilation and heating.

¶4. In his complaint, Cruse sought compensatory damages in the amount of one hundred thousand dollars from each defendant and punitive damages in the amount of one hundred thousand dollars from each defendant. Cruse also requested injunctive relief in order to remedy the jail conditions.

¶5. Cruse initially acted in a pro se capacity but later retained counsel. On July 25-26, 1995, the case proceeded to trial, without a jury, before the Honorable Joe N. Pigott. Following trial and a tour of the Tishomingo County Jail, Judge Pigott issued his Findings of Fact, Judgment, and Injunction. The trial court found that no relief was warranted concerning "the quantity of food, lack of bed linen, temperature in the jail, limited visiting hours and work done by prisoners on private property. . . ." However, the court found that some legitimate complaints regarding these allegations may be made.

¶6. The trial court did, however, find by the preponderance of the evidence that Sheriff Nunley acted with deliberate indifference and in violation of Miss. Code Ann. § § 47-1-57; 47-1-59 when he:

> neither called a physician nor furnished medical aid and did not take Plaintiff to any hospital but instead waited until May 28, 1992, and released Plaintiff on his own recognizance to the Plaintiff's brother and the Plaintiff was taken by ambulance to the North Mississippi Medical Center where emergency surgery (sic) was performed at hospital expense of $ 17,349.00.

¶7. The trial court held that these actions "were with deliberate indifference and proximately caused prolonged pain and suffering to the prisoner. . . ." The trial court granted judgment in favor of Cruse and awarded compensatory damages in the amount of five-thousand dollars. The trial court further found that the:

> conditions of the Tishomingo County Jail fails to meet bare minimum standards for housing human beings and to hold prisoners in such a jail without any air movement during summer heat above ninety degrees Fahrenheit is cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and Section 28 of the Mississippi Constitution.

The trial court granted injunctive relief and ordered the Board of Supervisors of Tishomingo County "to take immediate action to provide fresh air exchange into the jail area . . . ."

¶8. On August 15, 1995, Cruse filed a post-trial motion for attorney's fees pursuant to the Civil

Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. Cruse requested attorney's fees in the amount of $ 10, 727.05. The motion was accompanied by a detailed summary of the work performed on the case by Cruse's attorney, Luther C. Fisher, IV. The affidavits of attorneys James Waide, III and Ronald W. Lewis accompanied the motion setting forth the customary attorney's fees for civil rights litigation and attesting to the ability and expertise of Attorney Fisher in civil rights litigation.

¶9. After review, but prior to a response by the Appellees, the trial court denied the request for attorney's fees because Cruse failed to request attorney's fees prior to the entry of judgment. The trial court also held that Cruse "should compensate his attorney adequately" from the $ 5,000.00 judgment. The trial court found that good faith efforts were being made to comply with the injunction, but noted if further proceedings were required to enforce the injunction, attorney's fees should be allowed.

¶10. Aggrieved, Cruse now appeals to this Court citing the following issues:

> **I. WHETHER THE TRIAL COURT ERRED IN DENYING ATTORNEYS FEES PURSUANT TO 42 U.S.C. § 1988.**

> **II. WHETHER THE AMOUNT OF REQUESTED ATTORNEYS FEES WAS REASONABLE.**

### DISCUSSION OF LAW

> **I. WHETHER THE TRIAL COURT ERRED IN DENYING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988.**

¶11. "Since this Court's standard of review dictates that the discretionary decision of the trial judge to deny attorney's fees be reversed only upon an abuse of discretion, this Court must determine if such an abuse, such as misapplication of the law or an unreasonable decision in light of the alternatives, occurred." *Bankston v. Pass Road Tire Center, Inc.* 611 So. 2d 998, 1010 (Miss.1992). *See also Nationwide Mutual Insurance Co. v. Evans*, 553 So. 2d 1117, 1119 (Miss.1989); *Burkett v. Burkett*, 537 So. 2d 443, 446 (Miss.1989); *Detroit Marine Engineering v. McRee*, 510 So. 2d 462 (Miss.1987).

¶12. The Civil Rights Attorney's Fees Awards Act provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 . . . , or title VI of the Civil Rights Act of 1964 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988.

¶13. The threshold determination with regard to a Section 1988 fee award is whether the movant or petitioner is a "prevailing party." In *Farrar v. Hobby*, 506 U.S. 103 (1992), the Supreme Court held:

> Congress intended to permit the . . . award of counsel fees only when a party has prevailed on the merits. *Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670

(1980) (per curiam). Therefore, in order to qualify for attorney's fees under § 1988, a plaintiff must be a "prevailing party." Under our "generous formulation" of the term, "'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (CA1 1978)). "[L]iability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985).

*Id.* at 109. After synthesizing the holdings of *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987); *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) and *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Court set forth the following criteria:

Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, *Hewitt*, *supra*, 482 U.S., at 760, 107 S.Ct. at 2675, or comparable relief through a consent decree or settlement, *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. *See Hewitt*, *supra*, 482 U.S., at 764, 107 S.Ct., at 2677. Otherwise the judgment or settlement cannot be said to "affec[t] the behavior of the defendant toward the plaintiff." *Rhodes, supra*, 488 U.S., at 4, 109 S.Ct., at 203. Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. *Garland, supra*, 489 U.S., at 792-793, 109 S.Ct., at 1494. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

*Id.* at 110. In *Farrar*, the Supreme Court held that a plaintiff who wins nominal damages is a prevailing party under 42 U.S.C. § 1988.

¶14. Under the standards set forth in *Farrar*, Cruse is clearly a prevailing party. The trial court found that Sheriff Nunley acted with deliberate indifference and in violation of Miss. Code Ann. §§ 47-1-57; 47-1-59 and 42 U.S.C. § 1983 in failing to transport Cruse to receive medical care. As a result, the trial court awarded compensatory damages in the amount of $ 5,000.00.

¶15. After determining that a petitioner or movant is a "prevailing party" the relevant inquiry then becomes whether a fee award is warranted under the facts of the case. This Court has held that "[the] rule has been stated that fees in state court actions are allowable unless special circumstances would render such an award unjust." *Bd. of Trustees Et Al. v Miss. Publishers Corp.*, 478 So. 2d 269, 281 (Miss.1985). *See also Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968).

¶16. The trial court in the case *sub judice* made no specific findings that special circumstances existed which would render a fee award unjust. The trial judge did however give two reasons for the denial: failure to request attorney's fees prior to judgment and the ability of the plaintiff to compensate his

attorney from the amount of the judgment.

¶17. The failure of Cruse to request attorney's fees prior to judgment does not warrant the denial of a fee award.[(1)] In ***Hutto v. Finney***, 437 U.S. 678 (1978), the Supreme Court characterized attorney's fees under the Fees act, as "costs" taxable against a State. In ***White v. New Hampshire Dept. of Empl. Sec. et al.***, 455 U.S. 445 (1982), the petitioner filed a motion for attorney's fees under 42 U.S.C. § 1988 approximately four and one-half months after the entry of the judgment. The respondent claimed that the request for attorney's fees was a motion to alter or amend the judgment and therefore was subject to the ten-day limitations period contained in Fed. R. Civ. Proc. 59(e). In ***White***, the Supreme Court recognized that "[i]f Rule 59(e) were applicable, counsel would forfeit their right to fees if they did not file a request in conjunction with each "final" order. ***Id.*** at 453.

¶18. This Court has specifically held that ". . . motions for reassessments of costs or for attorneys fees lie outside Rule 59(e), because they are "collateral" and do not seek a change in the judgment but "merely what is due because of the judgment." ***Bruce v. Bruce***, 587 So. 2d 898 (1991) (*quoting **Buchanan v. Stanships, Inc.***, 485 U.S. at 267-68, 108 S.Ct. at 1131, 99 L.Ed.2d at 293-94; ***White v. New Hampshire Dept. Of Empl. Sec.***, 455 U.S. at 451, 102 S.Ct. At 1166, 71 L.Ed.2d at 331).

¶19. In ***White***, *supra*, the Supreme Court held as follows:

> Section 1988 provides for awards of attorney's fees only to a "prevailing party." *Regardless of when attorney's fees are requested*, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits--an inquiry that cannot even commence until one party has "prevailed." Nor can attorney's fees fairly be characterized as an element of "relief" indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial. *See **Hutto v. Finney***, 437 U.S. at 695, n.24, 98 S.Ct. at 2576, n.24.

(emphasis added). ***White*** at 455 U.S. 445, 451-452.

¶20. In light of the language in ***Bruce*** and ***White***, the fact that the fee request was made after the entry of judgment is not a proper basis for denying the fee award. Moreover, as noted by Cruse, at the time the complaint was filed, he was acting in a pro se capacity and therefore was not entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988. ***Kay v. Ehrler,*** 499 U.S. 486 (1991).

¶21. The second basis for the denial of the fee award was the ability of Cruse to compensate his attorney from the five thousand dollar judgment. Cruse prevailed due to the failure of Sheriff Nunley to transport him to a medical facility. Instead, Cruse was released on his own recognizance and transported by ambulance to North Mississippi Medical Center where emergency surgery was performed. Cruse incurred medical bills totaling $ 17, 349.00. After review, the trial court found that Sheriff Nunley acted with "deliberate indifference" and failed to comply with state statutes depriving Cruse of "rights and privileges secured by the Constitution and the Eighth Amendment thereto and the laws of the United States and redress therefor is provided under Title 42 U.S.C. 1983."

¶22. The Supreme Court, in ***White***, *supra*, held that "[u]nlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is

uniquely separable from the cause of action to be proved at trial." **White**, 455 U.S. 445, 452 (1982) (*citing* **Hutto v. Finney**, 437 U.S. at 695 n.24, 57 L.Ed.2d 522, 98 S.Ct. 2565)).

¶23. Cruse was a prevailing party in a civil rights action wherein the trial court specifically found that the defendant acted with deliberate indifference. Although the trial court did not order judgment for other allegations in the complaint due to the lack of damage or injury to Cruse, it did specifically note that these complaints were legitimate.

¶24. In the case *sub judice*, there was no separate award of attorney's fees. Although a trial court has considerable discretion in the award or denial of attorney's fees, the discretion to deny attorney's fees to a prevailing party is "exceedingly narrow." **Church of Scientology v. City of Clearwater**, 2 F.3d 1509, 1513 (11th Cir. 1993); **Maloney v. Marietta**, 822 F.2d 1023, 1025 (11th Cir.1987). The five-thousand dollar judgment did not compensate Cruse for his medical bills which totaled $ 17,349.00, much less his attorney's fees. Nor is any portion of the judgment classified as attorney's fees. In this record, there is simply no finding whatsoever that "special circumstances" existed which would have rendered the award of attorney's fees unjust. We therefore reverse and remand for findings regarding the determination of attorney's fees.

## II. WHETHER THE AMOUNT OF THE REQUESTED FEE AWARD WAS REASONABLE.

¶25. In **Bd of Trustees Et Al. v. Miss. Publishers Corp.**, 478 So. 2d 269, 281 (Miss.1985), this Court held that this issue is analyzed by reference to **Johnson v. Georgia Highway Express, Inc.**, 488 F.2d 714 (5th Cir. 1974) where the Fifth Circuit permitted attorney's fees, but remanded for determination of the amount in accordance with the following guidelines:

> (1) The time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases.

¶26. In **Farrar v. Hobby**, 506 U.S. 103, 114 (1992), the Supreme Court considered the determination by a lower court of attorney's fees under 42 U.S.C. § 1988 and held:

> Although the "technical" nature of a nominal damages award or any other judgment does not effect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988. Once civil rights litigation materially alters the legal relationship between the parties, "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award under **Hensley v. Eckerhart**, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). **Garland**, *supra*, 489 U.S., at 793, 109 S.Ct., at 1494. Indeed, "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." **Hensley**, *supra*, 461 U.S., at 436, 103 S.Ct., at 1941. *Accord*, **Marek v. Chesney**, 473 U.S. 1, 11, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1 (1985).

*Id.* at 114. In ***Hensley v. Eckerhart***, 461 U.S. 424, 436 (1983) the Court held if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as whole times a reasonable hourly rate may be an excessive amount." In ***Farrar***, *supra*, the Court stated, "[h]aving considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, *see* ***Hensley***, 461 U.S.at 430 n.3, 103 S.Ct. at 1937-1938, n.3, or multiplying "the number of hours reasonably expended . . . by a reasonable hourly rate,"

¶27. In ***Farrar***, the Court recognized that "[i]n some circumstances, even a plaintiff who formally "prevails" under § 1988 should receive no attorney's fees at all." The Court explained that "[a] party who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party. In a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury." The ***Farrar*** Court repeated that the "admonition that fee awards under § 1988 were never intended to 'produce windfalls to attorneys.'" *Id.* (*quoting* ***Riverside v. Rivera***, *supra*, 477 U.S. at 580, 106 S.Ct. at 2697 (plurality opinion)(*quoting* S.Rep. No. 94-1011, p.6 (1976) U.S. Code Cong. & Admin. News)).

¶28. Counsel for Cruse requested fees in the amount of $ 10,727.05 and the record contains a detailed summary of work performed on the case which clearly documents the time spent in preparation and litigation of this claim. The record also contains the affidavits of attorneys James Waide, III and Ronald C. Lewis attesting to customary attorney's fees in civil rights litigation and to the expertise of counsel for Cruse.

¶29. The ***Farrar*** Court held that "the most critical factor is the degree of success obtained" by the prevailing plaintiff. Cruse successfully proved that Sheriff Nunley acted with deliberate indifference by failing to transport Cruse to a medical facility. Moreover, the trial court found that this violated Cruse's constitutional rights under the Eighth Amendment of the Constitution and 42 U.S.C. § 1983. Cruse therefore successfully proved actual injury for which the trial court awarded compensatory damages. Injunctive relief was also ordered by the trial court.

¶30. The degree of success by Cruse as well as the lack of any identifiable "special circumstances" which would render a fee award unjust, indicates that an award of attorney's fees might be warranted in the case *sub judice*. However, an award of attorney fees, if any, should be limited to the amount of fees that is reasonable in relation to the results obtained. ***Hensley v. Eckerhart***, 461 U.S. 424, 440 (1983). The trial court is instructed to determine whether "special circumstances" exist which would render a fee award unjust.

## CONCLUSION

¶31. The trial judge has considerable discretion as to whether or not attorney's fees are awarded. In ***Texas State Teachers Ass'n v. Garland Independent School District***, 489 U.S. 782, 790 (1989), the Court recognized that "Congress clearly contemplated that interim fee awards would be available 'where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues.'" Billy M. Cruse is clearly a "prevailing party" for purposes of 42 U.S.C. § 1988. Unless the trial judge finds "special circumstances" exist which would render a fee award unjust, Cruse should be awarded attorney's fees. Any award, however, should be measured by the degree of Cruse's overall success. ***Farrar v. Hobby***, 506 U.S. 103, 114 (1992) (*quoting*

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Accordingly, we reverse and remand for proceedings consistent with this opinion.

**¶32. REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS AND McRAE, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J. MILLS, J., NOT PARTICIPATING.**

### DAN LEE, CHIEF JUSTICE, DISSENTING:

¶33. I disagree with the majority's application of the law in this case. The award or denial of attorney's fees under Section 1988 is within the discretion of the lower court. While it is true that a party must be a prevailing party in order to receive fees, this is merely a condition precedent to the award of fees, and qualifying as a prevailing party does not automatically entitle a litigant to an award of fees and strip the lower court judge of discretion in denying fees altogether.

¶34. The language of the relevant statutes and case law makes clear that, beyond the threshold determination of prevailing party status, the decision to award fees is a discretionary one. Section 1988 states that "the court, *in its discretion*, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1988) (emphasis added). Similarly, in *Farrar v. Hobby*, 506 U.S. 103, 109 (1992), the Supreme Court stated that "'Congress intended to *permit* the . . . award of counsel fees only when a party has prevailed on the merits.'" (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (emphasis added)). Nowhere does Section 1988 or the cases interpreting it mandate an award simply because the litigant merely qualifies as a prevailing party. Even once prevailing party status has been determined, the determination of fees is within the judge's discretion, and simply because no fees were awarded in a particular case does not amount to an abuse of discretion.

¶35. The majority raises up a new bar to the exercise of the judge's discretion by requiring that "special circumstances" be shown that would indicate that the denial of a fee award was unjust after a party has acquired prevailing party status. The "special circumstances" language is borrowed originally from Justice O'Conner's concurrence in *Farrar*, and, read in its proper context, does not limit the lower court's discretion, but expands it:

> We have explained that even the prevailing plaintiff may be denied fees if "'special circumstances would render [the] award unjust.'" While that exception to fee awards has often been articulated separately from the reasonableness inquiry, sometimes it is bound up with

reasonableness: It serves as a short-hand way of saying that, even before calculating a lodestar or wading through all the reasonableness factors, it is clear that the reasonable fee is no fee at all. After all, where the only reasonable fee is no fee, an award of fees would be unjust; conversely, where a fee award would be unjust, the reasonable fee is no fee at all.

*Farrar*, 506 U.S. at 118 (O'Conner, J., concurring) (citations omitted).

¶36. In the instant case, the lower court judge awarded Mr. Cruse $5,000 compensatory damages and limited equitable relief as to the jail-house conditions. The judge was well within his discretion to decide that no award of fees was due even if Mr. Cruse was a prevailing party.

¶37. I respectfully dissent.

**ROBERTS, J., JOINS THIS OPINION.**

1. The trial court entered judgment on July 26, 1995 and on August 14, 1995, Cruse filed a post-judgment motion for attorney's fees.