**Michigan Supreme Court**
**Lansing, Michigan 48909**

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

# Opinion

**FILED MAY 1, 2001**

ADAMS OUTDOOR ADVERTISING, INC.,

    Plaintiff-Appellant,

v                                       **No. 114919**

CITY OF HOLLAND,

    Defendant-Appellee.
_____

BEFORE THE ENTIRE BENCH

KELLY, J.

    The issue in this case is whether §§ 39-348(g) and 39-350(b) of defendant city of Holland's Zoning Ordinance No. 1100 are invalid under either the Michigan Home Rule City Act

(HRCA)[1] or the Michigan City and Village Zoning Act (CVZA).[2] The circuit court ruled in favor of plaintiff, Adams Outdoor Advertising, Inc., holding the sections invalid. The Court of Appeals reversed. 234 Mich App 681; 600 NW2d 339 (1999).

We hold that §§ 39-348(g) and 39-350(b) are valid because defendant enacted them as part of its zoning ordinance under the CVZA. Hence, the HRCA's provision authorizing cities to regulate billboards in their charters, subsection 4i(f), need not be considered. Also, whereas subsection 4i(c) provides to a city the authority to exercise zoning powers, it is the CVZA that furnishes the details of that exercise. It contains specific restrictions on the city's authority to zone. Here, because plaintiff failed to establish that the sections in question completely ban billboards, the sections are not invalid under the provisions of the CVZA. Therefore, we affirm the decision of the Court of Appeals.

## I. FACTS AND PROCEDURAL BACKGROUND

Defendant is a municipal corporation organized under the HRCA. Effective January 5, 1994, it enacted Ordinance No. 1100, which amended Article IX of its zoning ordinance and

[1]MCL 117.1 *et seq.*; MSA 5.2071 *et seq.*

[2]MCL 125.581 *et seq.*; MSA 5.2931 *et seq.*

covered numerous matters involving signs.[3] It is undisputed that, in enacting Ordinance No. 1100, defendant followed the procedures set forth in the CVZA.[4]

The first of the two sections of the ordinance at the center of this dispute provides that "[b]illboards and advertising signs are not permitted." The second states that "[n]onconforming signs, billboards or advertising signs may not be expanded, enlarged, or extended; however, said signs may be maintained and repaired so as to continue the useful life of the sign."[5]

---

[3]Section 39-345 of Article IX states its intent and purpose:

> This Article is intended to protect and further the health, safety, and welfare of the residents of the City of Holland; to further the intent of the City of Holland Zoning Ordinance and its zoning districts; to prevent traffic hazards; to provide safer conditions for pedestrians; to improve community appearance; and to promote economic development by regulating the construction, alteration, repair, maintenance, size, location and number of signs.

[4]Ordinance No. 1100 was originally numbered § 39-152 through § 39-171. The sections in dispute were originally codified as § 39-155(g) and § 39-157(b). In early 1996, the entire ordinance was recodified as § 39-345 through § 39-364. With the recodification, the two sections in dispute were renumbered § 39-348(g) and § 39-350(b), respectively.

[5]Section 39-346 of the ordinance defines "[b]illboard or advertising sign" as "[a] sign which contains a message or advertises an establishment, product, service, space or
(continued...)

3

In June of 1994, plaintiff applied to defendant for a permit to construct a new billboard on a right of way in the city. Defendant rejected the application, saying billboards are not permitted, citing the first of the disputed sections, § 39-348(g). Plaintiff then sought a variance from the city of Holland's Zoning Board of Appeals, without success.[6]

Thereafter, plaintiff filed the present suit in the Allegan Circuit Court.[7] In its first amended complaint, plaintiff alleged that, because they forbade the erection of billboards, the contested sections violated the HRCA. Plaintiff alleged, also, that the sections violated § 12 of the CVZA because they prohibited the establishment of a land use. After a bench trial, the circuit court concluded that §§

---

[5](...continued)
activity not available on the lot on which the sign is located."

[6]In its cross application for leave to appeal, defendant claims that, because plaintiff failed to present the zoning board with certain information it had requested, its complaint is not ripe. Given our disposition in this case today, we need not reach the merits of the cross application.

[7]Before filing this action, plaintiff sued in the United States District Court for the Western District of Michigan, challenging the ordinance under the First Amendment of the United States Constitution, the Michigan Home Rule City Act, and the Michigan City and Village Zoning Act. The court abstained and dismissed the case without prejudice. 883 F Supp 207, 208, 210 (WD Mich, 1995).

4

39-348(g) and 39-350(b) violated both the HRCA and the CVZA.[8]

Regarding the HRCA, the circuit court found that the sections had "the chilling effect of eliminating all billboards over time," and that defendant had "failed to offer sufficient evidence to justify such a stringent zoning regulation," its aesthetic concerns being "unpersuasive when weighed against the gradual elimination of all billboards."

Regarding plaintiff's claims under the CVZA, the court articulated the test set forth in *Eveline Twp v H & D Trucking Co*, 181 Mich App 25; 448 NW2d 727 (1989). It stated:

> [Plaintiff] has met its *Eveline* burden. The ordinance will result in the gradual elimination of all billboards within Holland city limits. [Its] billboards are an inexpensive and widespread method to carry political, ideological, religious, public service and editorial messages as well as commercial advertisements. The United States Supreme Court has recognized billboards as a viable medium to publish political and social ideas and messages to the public. *Metromedia v City of San Diego*, 453 US 490; 101 S Ct 2882; 69 L Ed 2d 800 (1981).

> [Defendant's] goals in respect to the residential zones, historic districts, and restored business and commercial areas are laudable and legitimate. However, the broad prohibition of the zoning sign provisions appear [sic] to be a policy

---

[8]Plaintiff's complaint also included a claim that the Highway Advertising Act (HAA), MCL 252.301 *et seq.*; MSA 9.391(101) *et seq.*, preempted defendant's ordinance. After an adverse trial court ruling, plaintiff abandoned the claim on appeal. See *Singerman v Municipal Service Bureau,* 211 Mich App 678, 684; 536 NW2d 547 (1995), aff'd on other grounds 455 Mich 135; 565 NW2d 383 (1997).

5

and philosophical decision that are [sic] the result of an impermissible fiat; a whimsical ipsi [sic] dixit. See generally *Kirk* [*v Tyrone Twp*, 398 Mich 429; 247 NW2d 848 (1976).]

The court then enjoined defendant from enforcing the disputed sections but left intact the remaining portions of the ordinance.

On appeal, the Court of Appeals found that the lower court had erred in concluding that the ordinance sections violated the HRCA and the CVZA. 234 Mich App 684. It reasoned that the sections can be distinguished from those we declared invalid in *Central Advertising Co v Ann Arbor*. 391 Mich 533, 536; 218 NW2d 27 (1974).

Also, the appellate court found that the trial court had erroneously placed the burden of proof on defendant. Moreover, plaintiff had failed to overcome its burden of showing that the ordinance did not advance a legitimate governmental interest, given the aesthetic concerns underlying it.

Regarding § 12 of the CVZA, the Court of Appeals first noted that other billboards existed in the city. Plaintiff's evidence that it would be able to sell advertising space on the proposed new billboards was insufficient to demonstrate the requisite public need for them. 234 Mich App 698. The appeals court found clearly erroneous the circuit court's conclusion that plaintiff had met its burden of proving

illegal exclusionary zoning under § 12.

We granted plaintiff's application for leave to appeal, held in abeyance defendant's application for cross-appeal, and granted motions to file briefs amicus curiae. 461 Mich 994 (2000).

## II. STANDARD OF REVIEW

Statutory interpretation and the applicability of a statute are questions of law that this Court reviews de novo. See *Oakland Co Bd of Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998); *Alex v Wildfong*, 460 Mich 10, 21; 594 NW2d 469 (1999). We review findings of fact using the clearly erroneous standard. See *Sands Appliance Services v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000); MCR 2.613(C).

## III. ANALYSIS

### A. The Home Rule City Act

Plaintiff asserts that subsection 4i(f) of the Home Rule City Act invalidates §§ 39-348(g) and 39-350(b) of defendant's zoning ordinance. Subsection 4i(f) provides:

> Each city may provide in its charter for 1 or more of the following:
>
> * * *
>
> (f) Licensing, regulating, restricting, and limiting the number and locations of billboards

7

within the city. [MCL 117.4i(f); MSA 5.2082(f).[9]]

Plaintiff concludes that defendant's ordinance is violative of subsection 4i(f) because the ordinance sections completely prohibit billboards.

Plaintiff's argument fails to recognize the existence of a city's zoning power independent of subsection 4i(f). The sections involving billboards that plaintiff challenges are found in defendant's zoning ordinance. Defendant enacted them pursuant to and following the requirements set forth in the CVZA. Therefore, subsection 4i(f) of the HRCA, the provision authorizing cities to regulate billboards in their charters need not be considered. Cf*., Adams Outdoor Advertising v East Lansing*, 439 Mich 209, 214; 483 NW2d 38 (1992).

While we do not consider whether the ordinance provisions at issue were authorized by subsection 4i(f), the HRCA does have some relevance to this case. That limited relevance is best understood when one considers the history behind a city's zoning authority.

As stated, the challenged provisions in the instant case are part of the city of Holland's zoning code. Yet over eighty years ago, this Court held that cities do not possess an

---

[9]Although plaintiff cited the relevant subsection of the HRCA as MCL 117.4i(5); MSA 5.2082(e), legislative amendments have relabeled it subsection 4i(f).

8

inherent power to zone. See *Clements v McCabe*, 210 Mich 207, 216; 177 NW 722 (1920). In response to this Court's ruling in *Clements*, the Legislature passed two acts: Act 207 and Act 348 of Public Acts of 1921, approved on May 17 and May 18, 1921, respectively. The first, 1921 PA 207, the CVZA, established the statutory zoning scheme in detail. This includes the extent and limits of municipal zoning power and the procedures under which municipalities may exercise that power. The second, 1921 PA 348, amended what is now subsection 4i(c) of the HRCA, authorizing cities to provide themselves with zoning powers in their charters. See *Korash v Livonia*, 388 Mich 737, 742; 202 NW2d 803 (1972).

Here, the city of Holland has included in its charter a provision that grants itself the power to zone, as permitted under subsection 4i(c) of the HRCA. Holland City Charter, § 2.1(10). Pursuant to it, defendant enacted the regulations at issue as part of its zoning code. Therefore, the city of Holland's power to enact its zoning code is derived from subsection 4i(c) of the HRCA.

That fact notwithstanding, the HRCA's reference to zoning was enacted as a complementary or companion act to the CVZA for the purpose of correcting the deficiencies pointed out in *Clements*. See *Korash*, *supra* at 742. Therefore, the reference

9

to zoning in the HRCA must be read in conjunction with the CVZA. See *id*. at 744. More particularly, given that the CVZA complements the HRCA by placing specific restrictions on cities' zoning authority, the validity of defendant's zoning ordinance provisions at issue must be analyzed under the CVZA. See *East Lansing*, *supra* at 218, stating that "[t]he zoning authority under the [HRCA] is clearly subject to many restrictions, enumerated by the Legislature in the zoning enabling act;" see also *Saylor v Kingsley Area Emergency Ambulance Service*, 238 Mich App 592, 597; 607 NW2d 112 (1999).

B. The Exclusionary Zoning Claim Under the Zoning Enabling Act

Plaintiff argues that defendant's zoning ordinance violates § 12 of the CVZA. That section provides:

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a city or village in the presence of a demonstrated need for that land use within either the city or village or the surrounding area within the state, unless a location within the city or village does not exist where the use may be appropriately located or use is unlawful. [MCL 125.592; MSA 5.2942.]

Accordingly, to sustain a claim that a city engaged in unlawful exclusionary zoning under § 12 of the CVZA, one must show that: (1) the challenged ordinance section has the effect of totally prohibiting the establishment of the land use sought within the city or village, (2) there is a demonstrated

need for the land use within either the city or village or the surrounding area, (3) a location exists within the city or village where the use would be appropriate, and (4) the use would be lawful, otherwise.[10]

Regarding the first requirement, plaintiff asserts that defendant's ordinance constitutes a complete prohibition of billboards. In determining whether a zoning ordinance constitutes a complete prohibition, a party must show that the prohibition is city-wide in scope. See *Fremont Twp*, *supra* at 204, where no violation existed under MCL 125.297a; MSA 5.2963(27a) of the Township Zoning Act, unless the prohibition was township-wide. See also *Guy v Brandon Twp*, 181 Mich App 775, 785; 450 NW2d 279 (1989); *Mount Elliott Cemetery Ass'n v City of Troy*, 171 F3d 398, 407 (CA 6, 1999). It is undisputed that, when plaintiff sought permission without success to erect a billboard in Holland, a significant number of billboards already had been erected and were in use there.

Moreover, on its face, the challenged ordinance sections do not currently completely prohibit billboards in Holland. While new billboards are banned, current billboards may remain. Section 39-350(b) specifically permits a billboard

---

[10]Defendant contends that billboards in general do not constitute a "use" within the zoning context. Because of our resolution in this case, we can assume without deciding that billboards constitute such a "use."

11

owner to maintain and repair existing signs so as to continue their useful life. Also, § 39-350(e) authorizes a billboard owner to remove a sign from its location for repair and maintenance and then to replace it.

Therefore, we hold that, although the ordinance sections do limit the number of billboards within the city, they do not constitute an impermissible total prohibition of billboards. See *Ann Arbor*, *supra*; *Mount Elliott Cemetery Ass'n*, *supra* at 407; *Gustafson v City of Lake Angelus*, 76 F3d 778, 790 (CA 6, 1996), cert den 519 US 823 (1996); *Guy*, *supra* at 785.[11]

Because plaintiff failed to show that the challenged ordinance constitutes a total prohibition on the proposed use, its exclusionary zoning claim must fail. We need not discuss the remaining requirements of an exclusionary zoning claim. The Court of Appeals properly held that the trial court erred when it concluded that plaintiff had met its burden to demonstrate exclusionary zoning under § 12 of the CVZA.

IV.  CONCLUSION

We hold that §§ 39-348(g) and 39-350(b) of defendant's

---

[11]We note plaintiff's contention that, with the passage of time, the ordinance might effectively eliminate all billboards. If that eventuality arises, our opinion should not be construed as foreclosing an "as applied" challenge to the ordinance. However, we need not address that contention because the present case involves a facial challenge to the validity of the ordinance sections under consideration.

Zoning Ordinance No. 1100 are valid on their face under the HRCA and CVZA. Because defendant enacted them under the CVZA as part of its zoning ordinances, the HRCA's provision authorizing cities to regulate billboards in their charters need not be considered.

Additionally, plaintiff failed to establish that §§ 39-348(g) and 39-350(b) are invalid under the CVZA, because the sections do not constitute a complete prohibition of billboards. Thus, we affirm the Court of Appeals decision that vacated the circuit court's injunction precluding enforcement of the challenged zoning ordinance provisions.

CORRIGAN, C.J., and CAVANAGH, TAYLOR, YOUNG, and MARKMAN, JJ., concurred with KELLY, J.

WEAVER, J., concurred in the result only.