683 N.W.2d 682 (2004)
261 Mich.App. 595
Gerald F. FOWLER and Roseann Fowler, f/k/a Roseann Spitzig, Plaintiffs/Counter-Defendants-Appellees,
v.
Robert A. DOAN, Sr. and Lina Doan, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs-Appellants,
v.
James A. Dondero and First American Title, Third-Party Defendants-Appellees.
Docket No. 245335.
Court of Appeals of Michigan.
Submitted March 3, 2004, at Lansing.
Decided April 20, 2004, at 9:00 a.m.
Released for Publication July 7, 2004.
*683 Plunkett & Cooney, P.C. (by Jeffrey C. Gerish), Bloomfield Hills, for Gerald F. and Roseann Fowler, James A. Dondero, and First American Title Insurance Company.
Charles G. Hoffman, P.C. (by Charles G. Hoffman), Cheboygan, for Robert A. Doan, Sr., and Lina Doan.
Before: SAWYER, P.J., and BANDSTRA and SMOLENSKI, JJ.
SMOLENSKI, J.
In this action to quiet title, plaintiffs Gerald F. and Roseann Fowler and defendants Robert A. Doan, Sr., and Lina Doan claimed rightful ownership by record title of a sixty-six-foot-wide piece of property located in Mentor Township, Cheboygan County. This property was formerly used as a railroad spur. Defendants appeal as of right from the trial court's judgment quieting title to the disputed land in plaintiffs.[1] We affirm.
On February 2, 1996, plaintiffs purchased by way of land contract a triangular-shaped *684 piece of property consisting of approximately 3.37 acres, and promptly recorded their deed. On July 31, 1996, defendants purchased by way of quitclaim deed any and all interest the United Railway Corporation possessed in approximately 6.8 miles of an abandoned railroad corridor. This property included a sixty-six-foot-wide strip of land that passed through plaintiffs' 3.37 acres. The problem apparently came to light when defendants attempted to sell the strip of land at issue. Plaintiffs became aware of defendants' claim of interest and submitted a claim to their title insurance company, third-party defendant First American Title Insurance Company. A week later, plaintiffs received a letter from First American Title's legal counsel, third-party defendant James Dondero, informing them that, under Michigan law, defendants held no interest in the strip of land at issue; however, because their policy did not cover the acts of trespassers, plaintiffs' claim was denied.[2] Plaintiffs subsequently filed this action to quiet title.
Both parties produced their respective chains of title that traced back to conveyances made by Norman and Nora Beverly. In 1905, the Beverlys deeded the strip of land in question to the Jackson, Lansing & Saginaw Railroad, which in turn conveyed the property to the Michigan Central Railroad Company in 1916. In 1995, the Michigan Central Railroad Company merged into the United Railroad Corporation, which then deeded the strip of land to defendants on July 31, 1996. It is undisputed that there were no recordings with respect to this property from 1916 until defendants recorded their deed in July 1996.
The root of the problem stems from a conveyance of a large piece of property made by the Beverlys in 1911 to Jonathon Royce, executed by way of warranty deed, that included the property currently owned by plaintiffs. There were no exceptions in this deed for the railroad property previously conveyed by the Beverlys in 1905. This larger piece of property was subsequently transferred several times. Each owner since 1939 properly recorded the owner's interest. The evidence showed that a good, uninterrupted chain of titled existed from at least 1939 to February 2, 1996, a period of fifty-seven years.
Following a bench trial, the trial court concluded that pursuant to the marketable record title act, MCL 565.101 et seq., plaintiffs held superior title. In its opinion, the court stated:
There are two chains of title to this parcel, and there was clearly a defect in Plaintiffs' chain in that the Beverlys had already deeded out their interest in the disputed strip prior to their deed of the same property which is contained in Plaintiffs' chain of title. Defendants' chain, however, lies dormant from 1916 to 1996, a period of 80 years. Since Plaintiffs' chain of record title exceeds 40 years prior to 1996, they are entitled to hold this property free and clear of any claim by the Defendants.
Defendants' sole argument on appeal is that the trial court erred in deciding this case pursuant to the provisions of the marketable record title act. Defendants assert that the act does not apply in situations such as this where there are two valid competing claims of title. An action to quiet title is an equitable action, and the findings of the trial court are reviewed for *685 clear error while its holdings are reviewed de novo. Killips v. Mannisto, 244 Mich.App. 256, 258, 624 N.W.2d 224 (2001). Also, the applicability of a statute is a question of law that this Court reviews de novo. Adams Outdoor Advertising, Inc. v. City of Holland, 463 Mich. 675, 681, 625 N.W.2d 377 (2001).
The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. Frankenmuth Mut. Ins. Co. v. Marlette Homes, Inc., 456 Mich. 511, 515, 573 N.W.2d 611 (1998). Courts may not speculate regarding the probable intent of the Legislature beyond the language expressed in the statute. Pohutski v. City of Allen Park, 465 Mich. 675, 683, 641 N.W.2d 219 (2002). Further, a court may not inquire into the knowledge, motives, or methods of the Legislature, McDonald Pontiac-Cadillac-GMC, Inc. v. Prosecuting Attorney for Co. of Saginaw, 150 Mich.App. 52, 55, 388 N.W.2d 301 (1986), and may not impose a construction on a statute based on a policy decision different from that chosen by the Legislature, Robertson v. DaimlerChrysler Corp., 465 Mich. 732, 752, 641 N.W.2d 567 (2002).
MCL 565.101 provides that, subject to certain exceptions regarding prior claims of interest that are not applicable in this case, any person who has an unbroken chain of title for over forty years has marketable record title in that interest. Here, the evidence established that plaintiffs had an unbroken chain of title from at least 1939 to February 1996, when plaintiffs recorded their interest. See MCL 565.102. MCL 565.103 further provides, in part:
Marketable title shall be held by a person and shall be taken by his or her successors in interest free and clear of any and all interests, claims, and charges whatsoever the existence of which depends in whole or in part upon any act, transaction, event, or omission that occurred prior to the 20-year period for mineral interests, and the 40-year period for other interests, and all interests, claims, and charges are hereby declared to be null and void and of no effect at law or in equity.
Therefore, according to its plain terms, the act serves to bar competing claims of title of which plaintiffs had no notice. Notably, the preamble of the marketable record title act states, in part, that the act was established "to require the filing of notices of claim of interest in such land in certain cases within a definite period of time and to require the recording thereof" and "to make invalid and of no force or effect all claims with respect to the land affected thereby where no such notices of claim of interest are filed within the required period...."
In this case, before defendants received and recorded their title in July 1996, that title lay dormant in the hands of defendants' predecessor in interest for nearly eighty years, from September 1916 to July 1996. There was no dispute that the Michigan Central Railroad Company did not record its deed in 1916 or at anytime thereafter[3] and the evidence indicated that plaintiffs could not be charged with constructive notice because the spur track had long been unused.[4] This is precisely the *686 type of situation to which the act was intended to apply.
The only support defendants cite for their position, that the marketable record title act is not applicable, are the comments of Ralph W. Aiger, who was a legislative committee member at the time the act was passed, and a statement made in 1 Cameron, Michigan Real Property Law (2nd ed.), 12.10, p. 421. First, the postpassage remarks of a legislator represent only the personal views of that legislator and are not entitled to any weight. Cole v. Ladbroke Racing Michigan, Inc., 241 Mich.App. 1, 12, 614 N.W.2d 169 (2000).
Second, treatises are not binding authority; rather, they are considered only as potentially persuasive authority. Klanseck v. Anderson Sales Service, Inc., 136 Mich.App. 75, 81, 356 N.W.2d 275 (1984). Viewed in isolation, defendants' reference to Michigan Real Property Law, supra, appears to lend credence to defendants' argument. However, in context, it is apparent that Cameron was not advocating that the act was not applicable, but, rather, simply noting that the facts of each case must be considered carefully to determine if a person's claim of competing title is actually a competing title as defined by the act.[5] Valid competing titles arise under the marketable record title act when more than one person can show an unbroken chain of marketable record title. MCL 565.101; MCL 565.102. Because defendants' predecessor in interest did not record its deed, there was nothing appearing in the record that purported to divest plaintiffs of their interest. Thus, defendants did not have a valid competing title under the act.
Hence, defendants' statement that "[t]o interpret the Marketable Title Act in a fashion that would steal away title from one whose title originated in patent and award in favor of an empty bogus and spurious title is illegal and unjust" finds no support in the law. In fact, in Henson v. Gerlofs, 13 Mich.App. 435, 439-442, 164 N.W.2d 533 (1968), this Court held that, pursuant to the marketable record title act, the defendants' recorded title that traced back to 1853 was superior to the plaintiffs' competing title claim based on a federal patent issued in 1835. In recognizing the applicability of the act, this Court stated that "the fundamental purpose of the statute was to erase all ancient mistakes and errors so that if a party enjoyed a record title for forty years, it would be acceptable to the profession." Id. at 441, 164 N.W.2d 533. This sentiment stems from the codified purpose of the act, which states:

This act shall be construed to effect the legislative purpose of simplifying and facilitating land title transactions *687 by allowing persons dealing with the record title owner, as defined in this act, to rely on the record title covering a period of not more than 20 years for mineral interests and 40 years for other interests prior to the date of such dealing and to that end to extinguish all claims that affect or may affect the interest dealt with, the existence of which claims arises out of or depends upon any act, transaction, event, or omission antedating the 20-year period for mineral interests and the 40-year period for other interests, unless within the 20-year period for mineral interests or the 40-year period for other interests a notice of claim as provided in section 3 [MCL 565.103] has been filed for record. The claims extinguished by this act are any and all interests of any nature whatever, however denominated, and whether the claims are asserted by a person sui juris or under disability, whether the person is within or outside the state, and whether the person is natural or corporate, or private or governmental. [MCL 565.106 (emphasis added).]
Accordingly, it is clear to this Court that the trial court properly applied the marketable record title act to this case and did not err in holding that, under the facts of this case, plaintiffs had the superior title. The fact that a statute appears to be impolitic, unwise, or unfair is not sufficient for judicial construction. While we sympathize with defendants' plight, we must affirm the trial court's decision. The wisdom of a statute is for the determination of the Legislature; the law must be enforced as written. Smith v. Cliffs on the Bay Condo. Ass'n, 463 Mich. 420, 430, 617 N.W.2d 536 (2000).
Affirmed.
NOTES
[1] After the bench trial, defendants' third-party complaint against third-party defendants James A. Dondero and First American Title Insurance Company was dismissed with prejudice for "failure to state a cause of action based upon the findings in favor of the Plaintiffs and against the principal Defendants...." Defendants do not specifically challenge this ruling on appeal. However, these third-party defendants are parties to this appeal to the extent that a reversal of the trial court's decision finding in favor of plaintiffs would also mandate a reversal of the court's order dismissing these third-party defendants.
[2] In their third-party complaint, defendants alleged slander of title and negligence as a result of the publication of this letter.
[3] The record indicated that when the Michigan Central Railroad Company merged into the United Railroad Corporation this transaction was not recorded, nor did the United Railroad Corporation record the deed to the disputed strip of land.
[4] Because the Michigan Central Railroad Company never recorded its claim of title, the exception to the general rule stated in MCL 565.103 is not applicable. The exception states:

However, an interest, claim, or charge may be preserved and kept effective by filing for record within 3 years after the effective date of the amendatory act that added section 1a [MCL 565.101a] or during the 20-year period for mineral interests and the 40-year period for other interests, a notice in writing, verified by oath, setting forth the nature of the claim. [MCL 565.103.]
[5] After illustrating a problem in which two persons had an unbroken chain of title, yet application of the act mandated that the junior title holder held superior title, the treatise states:

In this and similar cases, the competing claims must be determined by a court in accordance with other established legal principles, since the act was not designed to cure such problems. The claim of one party or the other may, for example, be barred by adverse possession, the operation of some statute of limitations, the fact that one party does not hold true title to the property, or other applicable legal principles. [Cameron, supra, p. 421 (emphasis added).]
Thus, each person's claim must be analyzed to determine if it is actually competing against another, i.e., are both parties considered to have marketable record title as defined in the act.