686 N.W.2d 815 (2004)
262 Mich.App. 716
OUTDOOR SYSTEMS, INC., doing business as Infinity Outdoor, Plaintiff-Appellant,
v.
CITY OF CLAWSON, Defendant-Appellee.
Docket No. 245069.
Court of Appeals of Michigan.
Submitted May 12, 2004, at Detroit.
Decided July 6, 2004, at 9:25 a.m.
Released for Publication September 15, 2004.
*817 Bodman, Longley & Dahling L.L.P. (by James J. Walsh, Thomas G. Cecil, and Luttrell D. Levingston), Ann Arbor, for the plaintiff.
Howard & Howard Attorneys, P.C. (by Jon H. Kingsepp, James H. Geary, and Brad Rayle), and Johnson, Rosati, Labarge, Aseltyne & Field, P.C. (by Carol A. Rosati), Bloomfield Hills, Farmington Hills, for the defendant.
Before: SCHUETTE, P.J., and JANSEN and BANDSTRA, JJ.
BANDSTRA, J.
Plaintiff challenges the legality of defendant's ordinance that prohibits "billboards," meaning readily changeable signs unrelated to the principal use of the premises upon which they are located. We conclude that, because it advances no governmental interest, the ordinance's prohibition of readily changeable signs violates plaintiff's First Amendment right of free speech. We reverse and remand.

BACKGROUND FACTS
Plaintiff, now known as Viacom Outdoor, Inc., engages in outdoor advertising. Specifically, it erects and maintains signs, commonly known as billboards, on property that it owns or leases, and then sells advertising space on those signs. It leased the right to erect and maintain billboards at a number of locations in Clawson. However, Clawson has a zoning ordinance that regulates signs and specifically prohibits billboards. Accordingly, when plaintiff applied for building permits to erect billboards on the leased locations, defendant denied the requests largely on the basis of the billboard prohibition. In addition, the signs that plaintiff sought to erect[1] exceeded the size and height restrictions of the ordinance.
Plaintiff filed this action and moved for a preliminary injunction, alleging that defendant's total prohibition of the billboards *818 violated the City and Village Zoning Act (CVZA), MCL 125.592, and the free speech protection of the First Amendment. The trial court granted defendant's motion for summary disposition and denied plaintiff's motion for a preliminary injunction. Plaintiff appeals as of right.

STANDARD OF REVIEW
This appeal presents questions of statutory construction and constitutional interpretation, both of which we review de novo. Harvey v. Michigan, 469 Mich. 1, 6, 664 N.W.2d 767 (2003); Roberts v. Mecosta Co. Gen. Hosp., 466 Mich. 57, 62, 642 N.W.2d 663 (2002). We also review de novo a trial court's ruling on a motion for summary disposition. Maiden v. Rozwood, 461 Mich. 109, 118, 597 N.W.2d 817 (1999).

ANALYSIS
Defendant's sign ordinance, Clawson Code § 34-1111, allows large outdoor signage within various zoning districts. In B-1 and B-2 districts, it allows wall-mounted signs of up to 150 square feet and freestanding signs, not more than 20 feet tall, of up to 80 square feet. In O-2, B-3, I-1 and I-2 districts, it allows wall-mounted signs up to 300 square feet and freestanding signs, not more than 30 feet tall, of up to 150 square feet. This section of the ordinance does not specify that any sign permitted by the section must be an accessory sign, i.e., a sign "which pertains to the principal use of the premises upon which such sign is located." Clawson Code, § 34-1102. Instead, there is no limitation whatever on the messages that can be placed on the allowed signs.
The main issue presented here is not, therefore, that Clawson does not allow large outdoor advertising signs. Instead, plaintiff challenges the provision of the Clawson ordinance that prohibits "billboards" throughout the city.[2] Clawson Code, § 34-1110(13). A billboard is defined, in pertinent part, as a "nonaccessory sign ... on which a display can be posted, painted or otherwise affixed in a manner which is readily changed." Id., § 34-1102. A nonaccessory sign is defined as "a sign which does not pertain to the principal use of the premises on which such sign is located." Id. Because of the prohibition of billboards, so defined, plaintiff is prevented from doing business within the city of Clawson.
Plaintiff argues that the trial court erred in granting summary disposition to defendant because there is a genuine issue of material fact concerning plaintiff's claim that, by prohibiting billboards, defendant violated § 12 of the CVZA, MCL 125.592, which provides:
A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a city or village in the presence of a demonstrated need for that land use within either the city or village or the surrounding area within the state, unless a location within the city or village does not exist where the use may be appropriately located or use is unlawful.
To establish a claim[3] that defendant engaged in unlawful exclusionary zoning under *819 this section, plaintiff had to show, among other things, that "there is a demonstrated need for the land use within either [sic] the city or village or the surrounding area." Adams Outdoor Advertising, Inc. v. Holland, 463 Mich. 675, 684, 625 N.W.2d 377 (2001) (Adams II). Under the terms of the statute, this showing is a threshold for application of the statute in the sense that a total prohibition of a lawful land use is only proscribed "in the presence of a demonstrated need for that land use...." MCL 125.592.
Although the trial court did not reach this question, we conclude that plaintiff failed to meet this burden.[4] Plaintiff supported its assertion of need by presenting the affidavit of a sales manager, Robert Brown, which indicated that demand for billboards in southeast Oakland County exceeds supply. However, we are bound under MCR 7.215(J)(1) by the holding in Adams Outdoor Advertising, Inc. v. Holland, 234 Mich.App. 681, 698, 600 N.W.2d 339 (1999) (Adams I), aff'd on other grounds in Adams Outdoor Advertising, 463 Mich. at 677-678, 625 N.W.2d 377 that, "while the desire by national, state, and local advertisers for billboards may well demonstrate a demand for the billboards, such proofs are not sufficient to demonstrate the requisite public need for new billboards." Further, we agree with this reasoning. It extended the analysis of precedents extending back to Fremont Twp. v. Greenfield, 132 Mich.App. 199, 204-205, 347 N.W.2d 204 (1984) (holding that the CVZA was not violated in the absence of evidence that there was need for additional junkyards within a township). See Adams I, supra at 694, 600 N.W.2d 339. Presumably any entrepreneur seeking to use land for a particular purpose does so because of its perception that a demand exists for that use. To equate such a self-serving demand analysis with the "demonstrated need" required by the statute would render that language mere surplusage or nugatory, in contravention of usual principles of construction. Wickens v. Oakwood Healthcare Sys., 465 Mich. 53, 60, 631 N.W.2d 686 (2001). We conclude that the Adams I Court correctly determined that the statute requires a showing of public need for new billboards rather than a demand for those billboards by advertisers. Plaintiff failed to make that showing and its exclusionary zoning claim under § 12 of the CVZA was correctly rejected by the trial court.[5]
Plaintiff also argues that the trial court erred in summarily dismissing its claim that defendant's prohibition of billboards is an unconstitutional violation of plaintiff's freedom of speech as guaranteed by the First Amendment. U.S. Const., Am. I.[6] We agree, in part, with this argument.
*820 Plaintiff first contends that, because of its differing treatment of accessory and nonaccessory signs, the ordinance is not content neutral. However, plaintiff's argument reflects a misunderstanding of the proper analysis for determining content neutrality.
The principal inquiry in determining content neutrality, in speech cases generally and in time, place, or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys. The government's purpose is the controlling consideration. A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others. Government regulation of expressive activity is content neutral so long as it is "justified without reference to the content of the regulated speech." [Ward v. Rock Against Racism, 491 U.S. 781, 791-792, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989) (citations omitted).]
Accordingly, plaintiff's view that regulations that distinguish between signs concerning accessory (or on-site) and nonaccessory (off-site) matters are content based has been rejected. See Wheeler v. Ky. Comm'r of Hwys., 822 F.2d 586, 589-590 (C.A.6, 1987). In Gannett Outdoor Co. of Michigan v. Troy, 156 Mich.App. 126, 133-136, 409 N.W.2d 719 (1986), this Court reviewed the constitutionality of an ordinance that defined accessory signs and nonaccessory signs in a manner similar to defendant's ordinance and placed different restrictions on the two types of signs. This Court held that the ordinance was content neutral, explaining that the ordinance "reflects no bias, censorship or preference for a particular viewpoint over another. Sign regulation in Troy is not based on the city's assessment of the desirability of the ideas expressed on proposed signs." Id. at 136, 409 N.W.2d 719. For similar reasons, we reject plaintiff's argument that defendant's ordinance is content based merely because it draws a distinction between accessory and nonaccessory signs.
Nonetheless, even a content neutral restriction on speech must be narrowly tailored to achieve a significant governmental interest, see Ward, supra at 798-799, 109 S.Ct. 2746 meaning that it "directly advances" the governmental interest and "reaches no further than necessary to accomplish the given objective." Metromedia, Inc. v. San Diego, 453 U.S. 490, 507, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981).[7]
Defendant argues that its sign ordinance serves legitimate governmental interests by promoting traffic safety and aesthetics. These concerns have been recognized in other cases as being sufficient to justify size and height limitations such as those at issue here. See, e.g., Adams I, supra at 693, 600 N.W.2d 339; and Gannett, supra at 136, 409 N.W.2d 719. Considering the largely residential nature of Clawson, the lack of any major highway within it and other factors, the trial court determined that the height and size restrictions on signage within the ordinance were appropriately tailored to meet legitimate governmental interests, likening the placement of huge billboards within Clawson to "stocking whales in a trout pond." We do not conclude that the trial court erred in making this determination.[8]
*821 However, the trial court did not consider the additional burden placed by the ordinance on readily changeable signage. As noted above, a nonaccessory sign is only prohibited as a "billboard" if it displays a message "affixed in a manner which is readily changed." That restriction applies to signs of any size or height. This is a significant feature of the sign ordinance under the facts presented here. Plaintiff's business is to procure and lease large signage space to advertisers and others whose messages are ordinarily carried for relatively short periods. Accordingly, those messages must be readily changeable. Thus, this aspect of the ordinance prevents plaintiff from doing business in Clawson, even on signs that satisfy the size and height restrictions of the ordinance.
Defendant offers no justification for this restriction and we can discern none. The traffic safety and aesthetic concerns that justify limitations on size and height for signage certainly cannot apply. Whether a sign is readily changeable or not, it presents the same sort of traffic distraction or aesthetic problem. To the extent that the Clawson ordinance restricts the use of readily changeable signs, it is not "narrowly tailored" to advance a legitimate governmental interest.
Thus, we conclude that the billboard prohibition within the Clawson ordinance violates the First Amendment. To the extent that the ordinance otherwise allows large outdoor signs, within the size and height limitations discussed above, billboard advertisers like plaintiff must be allowed to procure, build, and lease locations even though their signage is readily changeable.
We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.
BILL SCHUETTE, J., concur.
JANSEN, J.
I concur in result only.
KATHLEEN JANSEN, J., concur.
NOTES
[1] The signs plaintiff sought to erect were either 12 by 24 feet (288 square feet), with an overall height of 35 feet, or 14 by 48 feet (672 square feet), with an overall height of 70 feet.
[2] We recognize that plaintiff also tangentially challenges the size and height limitations of the ordinance. We conclude below that the CVZA does not apply without regard to the size or height limitations of the ordinance. We also conclude below that the trial court did not err in its determination that the size and height restrictions of the ordinance were properly tailored to the governmental interests in traffic safety and aesthetics in satisfaction of First Amendment concerns.
[3] For the purposes of this discussion, we assume without deciding that billboards are a "land use" within the meaning of this statute.
[4] Defendant did argue below that this was a reason it was entitled to summary disposition and continues to advance that argument in support of the trial court's decision. Because the issue was presented below and the record on appeal is sufficient for us to decide it, we can consider it. D'Avanzo v. Wise & Marsac, PC, 223 Mich.App. 314, 326, 565 N.W.2d 915 (1997). Further, we affirm decisions by a trial court if it reached the right result, albeit for the wrong reasons. Wickings v. Arctic Enterprises, Inc., 244 Mich.App. 125, 150, 624 N.W.2d 197 (2000).
[5] Although we need not reach the question, we agree with the trial court's determination that there were no Clawson locations where the signs plaintiff proposed might be "appropriately located" under the CVZA.
[6] First Amendment limitations on governmental authority are applicable to city ordinances through the Fourteenth Amendment. Members of the City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 792 n. 2, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984).
[7] The "narrowly tailored" requirement applies to both noncommercial speech, see Ward, and commercial speech, see Metromedia, both of which are at issue in the instant case.
[8] For similar reasons, we reject plaintiff's contention that the billboard prohibition constitutes a "complete ban of a medium of expression" contrary to precedents like Ladue v. Gilleo, 512 U.S. 43, 55, 114 S.Ct. 2038, 129 L.Ed.2d 36 (1994). The "medium of expression" at issue here is large outdoor advertising signs. As noted above, the Clawson ordinance allows that medium of expression. We can discern no reason to consider outdoor signage even larger (or taller) than that permitted by the ordinance to be a separate "medium of expression" that deserves separate protection.