**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 04a1075n.06**
**Filed: December 17, 2004**

**No. 03-2376**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KELVIN AND CINDY JOHNECHECK, husband and wife, | ) ) ) | |
| Plaintiffs - Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| BAY TOWNSHIP, a Michigan Township, | ) ) | |
| Defendant - Appellee. | ) ) | |

Before:  SILER, SUTTON, and FARRIS, Circuit Judges.[*]

FARRIS, Circuit Judge.  Kelvin and Cindy Johnecheck appeal the entry of summary judgment for Bay Township, upholding a zoning ordinance that prohibits the use of wind turbine generators of three hundred feet in height on property owned by the Johnechecks.  We affirm.

## I.  BACKGROUND

The Johnechecks are owners of forty acres of property in Bay Township who wished to

---

[*] The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

supplement their income by installing and operating two three hundred-foot WTGs on their land. In order to do so, they were required to comply with the Township's zoning ordinance.

On November 30, 2000, the Johnechecks applied to the Township for a zoning permit to build the two WTGs, but their application was denied by the Zoning Administrator. They appealed to the Township Zoning Board of Appeals, arguing that "wind farming" should be deemed a type of "specialized farming" under the Agricultural Zoning section of the ordinance. On December 18, 2000, the Board rejected this argument and affirmed the Administrator's decision, stating that it did "not interpret wind farming as specialized farming under [section] 8.2(a) of the Zoning Ordinance."[1]

At the time that the Johnechecks were seeking their permit, the Township was considering an amendment to the ordinance that would have permitted and regulated installation and operation of WTGs. The proposal being considered at that time was ultimately rejected, however.

The Johnechecks then sued the Township in federal court for violations of the Michigan and U.S. Constitutions, Michigan's Township Zoning Act (Mich. Comp. Laws § 125.297a), and 42 U.S.C. § 1983. The parties cross-moved for summary judgment (Plaintiffs solely as to the

---

[1]Section 8.2(a) of the ordinance provides for certain permitted uses in the Agricultural Zoning District, which includes the Johnechecks' land: "Farms for general and specialized farming, including nurseries, and single family farm dwellings, and buildings and other structures essential to farming and farm operations."

exclusionary zoning claim) and the district court granted summary judgment for Defendant and denied it for Plaintiffs.  This appeal ensued.

## II.  STANDARD OF REVIEW

We review the entry of summary judgment de novo.  *Farhat v. Jopke*, 370 F.3d 580, 587 (6th Cir. 2004).  Where there are no material, disputed issues of fact, we determine de novo whether the district court properly applied the substantive law.  *Id.* at 587.

## III.  DISCUSSION

### A.      Exclusionary Zoning Claim

All Michigan zoning ordinances enjoy the presumption of validity.  *Bevan v. Brandon Township*, 475 N.W.2d 37, 44 (Mich. 1991).[2]  Nevertheless, "zoning, to be valid, must be reasonable, and its reasonableness must be measured by present conditions."  *Kropf v. City of Sterling Heights*, 215 N.W.2d 179, 183 (Mich. 1974).  Thus, "an ordinance which totally excludes a use recognized by the constitution or other laws of the state[] carries a strong taint of unlawful discrimination and a denial of equal protection of the law."  *Countrywalk Condominiums, Inc. v. City of Orchard Lake Village*, 221 Mich. App. 19, 23 (1997).  In such cases, the ordinance loses its presumption of validity and the burden falls on the zoning authority to produce evidence that the total exclusion is reasonably related to the health, safety, or general

_____

[2]In their complaint, Plaintiffs invoked both the federal and Michigan state Constitutions in pressing their exclusionary zoning claim.  On appeal, however, they rely exclusively on Michigan state precedent to support this claim.

welfare of the community. *Id.* at 24.

Plaintiffs argue that the district court erred in concluding that the ordinance does not totally exclude the use of WTGs. We disagree. Plaintiffs have failed to show anything more than the exclusion of a three hundred-foot WTG on property falling in the Agricultural Zoning District. They applied only for such a use under the ordinance. They have not demonstrated that the ordinance would prohibit the use of WTGs (of the three hundred-foot variety or otherwise) in any of the other zoning districts, such as the Commercial District or the Planned Unit Development Zoning District. The ordinance's presumption of validity therefore controls.

The Johnechecks correctly note that under Michigan law, a zoning ordinance in a "permissive format states the permissive uses under the classification, and necessarily implies the exclusion of any other non-listed use." *Independence Township v. Skibowski*, 355 N.W.2d 903, 906 (Mich. Ct. App. 1984). But while Bay Township's zoning ordinance does operate in a permissive format, its provisions assuredly allow at least some types of wind turbine generators. The ordinance permits accessory structures, such as "dish and other types of antennae, fences and walls, freestanding lighting fixtures, signs, silos and other agricultural structures, and swimming pools," and such structures are generally permitted for all lots that have an authorized principal use. *See* JA 91. And while the requirement that accessory structures be "customarily incident and subordinate to the principal use of the land" might appear to cut against permitting wind turbine generators, JA 91, small windmills long have been used to supply water to farming

-4-

operations from wells, and using them to supply electricity to support an allowed principal use is analogous. Indeed, the ordinance cites as examples of accessory structures "dish and other types of antenna[e]." Language that lists satellite dishes as "customarily incidental" to principal uses (such as farming) permits windmills generating electricity too. Notably, Randy Frykberg, a witness for the Township, testified that a WTG would qualify as a customary accessory use to a farm. RE 57, Ex. 1, p.3 (Frykberg Dep. p. 38).

Likewise, Plaintiffs' statutory exclusionary zoning claim, pursuant to Mich. Comp. Laws § 125.297a, must fail. That statute is violated only if an ordinance has the effect of totally prohibiting the establishment of a land use within a township. *Adams Outdoor Advertising, Inc. v. City of Holland*, 625 N.W.2d 377, 382 (Mich. 2001). Such is not the case here.

The matter is not quite ended. Even if he cannot prove total exclusion, a plaintiff may still prevail on an exclusionary zoning claim "if he can meet the difficult burden of demonstrating no reasonable relationship to a legitimate governmental interest." *Landon Holdings, Inc. v. Grattan Township*, 667 N.W.2d 93, 106 (Mich. Ct. App. 2003). Plaintiffs cannot meet this standard. Bay Township has a legitimate interest in regulating the location and size of three hundred-foot WTGs within the Township's Agricultural District.

B.      **Takings Clause Claim**

An unconstitutional taking may occur in two situations: (1) where the regulation does not substantially advance a legitimate state interest, or (2) where the regulation denies an owner

-5-

economically viable use of his land. *K&K Construction, Inc. v. Dep't of Natural Resources,* 575 N.W.2d 531, 535 (Mich. 1998). Plaintiffs rely solely on the first of these two theories.

The Michigan Supreme Court has adopted the rule "that a broad range of governmental purposes and regulations satisfies" the requirement that a regulation substantially advance a legitimate state interest. *Bevan*, 475 N.W.2d at 44 (citing *Nollan v. California Coastal Comm.*, 483 U.S. 825, 834-35 (1987)). The exclusion of three hundred-foot WTGs in Bay Township's Agricultural District easily meets this test, for the same reasons stated earlier.

**AFFIRMED.**