OUTDOOR SYSTEMS, INC v CITY OF CLAWSON

Docket No. 263365. Submitted December 5, 2006, at Detroit. Decided December 12, 2006, at 9:05 a.m.

Outdoor Systems, Inc., brought an action in the Oakland Circuit Court against the city of Clawson, challenging a city ordinance that prohibited billboards. The complaint included an allegation that the city had violated 42 USC 1983 by abridging the plaintiff's First Amendment rights. The court, Gene Schnelz, J., granted the city summary disposition, concluding in part that the ordinance did not unconstitutionally restrict the plaintiff's free-speech rights. The Court of Appeals, SCHUETTE, P.J., and BANDSTRA, J. (JANSEN, J., concurring in the result only), reversed and remanded, concluding that the ordinance violated the First Amendment. 262 Mich App 716 (2004). The city subsequently eliminated the prohibition of billboards. The plaintiff then filed a motion in the trial court for a determination that it was a prevailing party under 42 USC 1988, which provides for attorney fees. The trial court denied the motion and entered a stipulated judgment awarding the plaintiff nominal damages of $10 and stating that the judgment would not provide a basis for the plaintiff to request attorney fees. The plaintiff appealed.

The Court of Appeals held:

The plaintiff was a prevailing party in its underlying 42 USC 1983 action for purposes of an award of attorney fees under 42 USC 1988. Whether a party is a prevailing party does not turn on the magnitude of the relief obtained. Instead, to be a prevailing party, a party must succeed on any significant issue that achieves some of the benefit the party sought in bringing suit. At a minimum, the resolution of the dispute must change the legal relationship between the plaintiff and the defendant. The plaintiff prevailed on the significant issue of the violation of its First Amendment rights. Because the Court of Appeals determined that the city could not prohibit billboards altogether, the relationship between the parties altered in a way that benefited the plaintiff. Moreover, after the opinion was issued, the city deleted the prohibition from its ordinance. The plaintiff is entitled under 42 USC 1988 to reasonable attorney fees. The amount of reasonable

attorney fees payable to the plaintiff under the statute must be commensurate with the degree of the plaintiff's overall success in the underlying litigation under 42 USC 1983. Because the plaintiff has not yet requested a definite amount, however, it is unnecessary to determine at this time the proper amount of attorney fees, if any, that the city should pay.

Reversed and remanded.

COSTS — ATTORNEY FEES — CIVIL RIGHTS VIOLATIONS.

A party is a prevailing party for the purposes of the federal statute awarding reasonable attorney fees in actions to enforce various federal civil rights and antidiscrimination actions if the party succeeds on any significant issue that achieves some of the benefit the party sought in bringing suit; at a minimum, the resolution of the dispute must change the legal relationship between the plaintiff and the defendant; the amount of reasonable attorney fees payable to a party under the statute must be commensurate with the degree of the party's success in the underlying litigation (42 USC 1988).

*Bodman LLP* (by *James J. Walsh, J. Adam Behrendt,* and *G. Christopher Bernard*) for the plaintiff.

*Howard & Howard Attorneys, P.C.* (by *Jon H. Kingsepp* and *Cara J. Edwards Heflin*), and *Johnson, Rosati, LaBarge, Aseltyne & Field, P.C.* (by *Carol A. Rosati* and *Marcelyn Stepanski*), for the defendant.

Before: JANSEN, P.J., and SAWYER and BANDSTRA, JJ.

PER CURIAM. In this action for attorney fees brought under 42 USC 1988, plaintiff appeals as of right the circuit court's determination that it was not the "prevailing party" in an underlying lawsuit. We reverse and remand for further proceedings.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a billboard advertising company. Plaintiff installs and maintains billboards on property that it

owns or leases, and then sells advertising space on the billboards. Plaintiff leased the right to install and maintain billboards at certain locations in the city of Clawson. At the time plaintiff applied for permits to install its signage, Clawson Code, § 34-1110(13) prohibited billboards. Clawson Code, § 34-1102 defined a "billboard" as a "nonaccessory sign which is directed to the general public, and on which a display can be posted, painted or otherwise affixed in a manner which is readily changeable." Clawson Code, § 34-1102 further defined a "nonaccessory sign" as a "sign which does not pertain to the principal use of the premises on which such sign is located." Accordingly, plaintiff's signs constituted "billboards" as defined by the ordinance, and Clawson denied plaintiff's request.

Plaintiff then sued Clawson, alleging that Clawson's prohibition on billboards (1) violated the Home Rule City Act,[1] (2) violated § 12 of the former City and Village Zoning Act (CVZA), MCL 125.592,[2] and (3) violated 42 USC 1983 by abridging plaintiff's First Amendment rights. After facilitation failed, the parties filed cross-motions for summary disposition. The circuit court issued a written opinion, granting summary disposition for Clawson on two grounds. The circuit court ruled that Clawson Code, § 34-1110 did not violate the CVZA because there was no place within Clawson where a

[1] After the Michigan Supreme Court decided *Adams Outdoor Advertising, Inc v City of Holland*, 463 Mich 675; 625 NW2d 377 (2001), plaintiff dismissed its claim in count 1.

[2] MCL 125.592, now repealed, provided:

A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a city or village in the presence of a demonstrated need for that land use within either the city or village or the surrounding area within the state, unless a location within the city or village does not exist where the use may be appropriately located or use is unlawful.

billboard could be appropriately located. The circuit court also concluded that Clawson's ordinance did not unconstitutionally restrict plaintiff's free-speech rights. The circuit court denied reconsideration.

Plaintiff appealed by right. See *Outdoor Systems, Inc v Clawson*, 262 Mich App 716; 686 NW2d 815 (2004). This Court affirmed the circuit court's ruling that Clawson had not violated the CVZA, but did so on different grounds than those relied on by the circuit court. However, this Court reversed the circuit court's ruling that Clawson Code, § 34-1110 did not unconstitutionally restrict commercial free speech, determining that Clawson's billboard ban was not narrowly tailored to achieve Clawson's interest in traffic safety and aesthetics. This Court reasoned:

> Plaintiff challenges the legality of defendant's ordinance that prohibits "billboards," meaning readily changeable signs unrelated to the principal use of the premises upon which they are located. We conclude that, because it advances no governmental interest, the ordinance's prohibition of readily changeable signs violates plaintiff's First Amendment right of free speech. We reverse and remand. [*Outdoor Systems, supra* at 717.]

Thereafter, Clawson passed Ordinance 640,[3] which amended Clawson Code, § 34-1110 and deleted the prohibition of billboards. This amendment mooted plaintiff's request for injunctive and declaratory relief.

In the wake of this Court's favorable ruling with respect to plaintiff's First Amendment claim, plaintiff moved the circuit court for a determination that it was a prevailing party under 42 USC 1988, which provides

---

[3] Clawson Ordinance 640 provides in relevant part: "**Section 34-1110 Signs Prohibited Throughout the City** is hereby amended with the deletion of paragraph (2), **flashing signs** and the deletion of paragraph (13), **billboards.**"

for attorney fees. In response, Clawson asserted that it had prevailed. Clawson argued that plaintiff's main objective had not been to eliminate the billboard prohibition altogether, but to challenge Clawson's size and height limitations on signs.

The circuit court denied plaintiff's motion, stating:

> Now, defendant also states that [it] prevailed on Count 2, and every issue in Count 3 that was actually litigated by the plaintiff. The Court in Hensley [v Eckerhart, 461 US 424, 433; 103 S Ct 1933; 76 L Ed 2d 40 (1983),] stated that in order to achieve prevailing party status a plaintiff must both, one, achieve success on a significant issue that, quote, leads to some benefit sought by the plaintiff. There would still have to be a hearing in front of me on First Amendment because I never determined if in fact there's been a remand.
>
> * * *
>
> The Court is satisfied it's going to deny this particular motion. I don't think it's properly before me at this point in time. You can always ask the Court of Appeals to examine it. Even if it were, I would think it would be a public question that may not be subject necessarily to costs.

The circuit court denied plaintiff's motion for determination of prevailing-party status and entered a stipulated judgment providing that plaintiff had withdrawn its claim for actual damages and that the amendment of Clawson's ordinance rendered moot plaintiff's request for injunctive relief. The circuit court also awarded plaintiff nominal damages of $10, and stated that the stipulated judgment "shall not provide the basis for any request by Plaintiff for attorney fees and/or costs . . . ."

## II. STANDARD OF REVIEW

"Michigan adheres to the rule that a state court is bound by the authoritative holdings of federal courts

upon federal questions, including interpretations of federal statutes." *Yellow Freight System Inc v Michigan*, 464 Mich 21, 29 n 10; 627 NW2d 236 (2001), rev'd on other grounds 537 US 36 (2002). Federal caselaw uniformly holds that the issue of determining prevailing-party status under 42 USC 1988 is a legal question subject to review de novo. *Bailey v Mississippi*, 407 F3d 684, 687 (CA 5, 2005); *Palmetto Properties, Inc v DuPage Co*, 375 F3d 542, 547 (CA 7, 2004); *Richard S v California Dep't of Developmental Services*, 317 F3d 1080, 1086 (CA 9, 2003); *Christina A ex rel Jennifer A v Bloomberg*, 315 F3d 990, 992 (CA 8, 2003); *Truesdell v Philadelphia Housing Auth*, 290 F3d 159, 163 (CA 3, 2002); *Smyth v Rivero*, 282 F3d 268, 274 (CA 4, 2002); *Church of Scientology Flag Service Org, Inc v City of Clearwater*, 2 F3d 1509, 1513 (CA 11, 1993). Therefore, we will review de novo the question whether plaintiff was a prevailing party in the underlying litigation for purposes of 42 USC 1988. This is in accord with our own caselaw, which provides that questions of law are reviewed de novo on appeal. *Thomas v New Baltimore*, 254 Mich App 196, 201; 657 NW2d 530 (2002).

### III. ANALYSIS

Plaintiff argues that the circuit court erred in determining that it was not a prevailing party in the underlying 42 USC 1983 action for purposes of 42 USC 1988. We agree.

The Civil Rights Attorney's Fees Awards Act, 42 USC 1988, governs the award of attorney fees in actions to enforce various federal civil rights and antidiscrimination statutes. Section 1988 provides in pertinent part, "In any action or proceeding to enforce a provision of [42 USC 1983], . . . the court, in its discretion, may allow the prevailing party, other than the United States,

a reasonable attorney's fee as part of the costs . . . ." 42 USC 1988(b). Although the phrase "may allow" might appear to be permissive, the United States Supreme Court has interpreted the phrase as mandating attorney fees when the plaintiff prevails and certain special circumstances are not present. *Independent Federation of Flight Attendants v Zipes*, 491 US 754, 761; 109 S Ct 2732; 105 L Ed 2d 639 (1989).

"A plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988." *Hensley v Eckerhart*, 461 US 424, 433; 103 S Ct 1933, 76 L Ed 2d 40 (1983). The "prevailing party inquiry" under § 1988 "does not turn on the magnitude of the relief obtained." *Farrar v Hobby*, 506 US 103, 114; 113 S Ct 566; 121 L Ed 2d 494 (1992). Instead, " '[t]o be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." ' " *Granzeier v Middleton*, 173 F3d 568, 577 (CA 6, 1999), quoting *Phelan v Bell,* 8 F3d 369, 373 (CA 6, 1993), quoting *Hensley, supra* at 433; see also *Texas State Teachers Ass'n v Garland Independent School Dist*, 489 US 782, 791; 109 S Ct 1486; 103 L Ed 2d 866 (1989) (holding that a "prevailing party" for purposes of § 1988 is "one who has succeeded on any significant claim affording it some of the relief sought"). At a minimum, the resolution of the dispute must change the legal relationship between the plaintiff and the defendant. *Id.* at 792. The Supreme Court has rejected a "central issue test" that would require a party to succeed on the main issue of the litigation to be considered prevailing. *Krichinsky v Knox Co Schools*, 963 F2d 847, 850 (CA 6, 1992), citing *Texas State Teachers Ass'n, supra* at 790.

In this case, plaintiff was a prevailing party. Plaintiff prevailed on a significant issue in the litigation, and the

litigation of its claim materially altered the legal relationship between plaintiff and Clawson in a manner directly beneficial to plaintiff. As we previously determined in *Outdoor Systems, supra* at 719: "The main issue presented here is not, therefore, that Clawson does not allow large outdoor advertising signs. Instead, plaintiff challenges the provision of the Clawson ordinance that prohibits "billboards" throughout the city." In a footnote, we further stated:

> We recognize that plaintiff also tangentially challenges the size and height limitations of the ordinance. We conclude below that the CVZA does not apply without regard to the size or height limitations of the ordinance. We also conclude below that the trial court did not err in its determination that the size and height restrictions of the ordinance were properly tailored to the governmental interests in traffic safety and aesthetics in satisfaction of First Amendment concerns. [*Id.* at 719 n 2.]

We concluded that

> the billboard prohibition within the Clawson ordinance violates the First Amendment. To the extent that the ordinance otherwise allows large outdoor signs, within the size and height limitations discussed above, billboard advertisers like plaintiff must be allowed to procure, build, and lease locations even though their signage is readily changeable. [*Id.* at 724-725.]

Thus, we determined that although Clawson was able to restrict the height and size of billboards within it municipal limits, it was not able to prohibit billboards altogether. The relationship between plaintiff and Clawson was accordingly altered in a way that benefited plaintiff. Moreover, after we issued our opinion, Clawson amended its code of ordinances to delete its prohibition of billboards from § 34-1110. Although plaintiff presumably still would like to install signs that exceed the size and height restrictions that Clawson has im-

posed, plaintiff has achieved the right to install certain billboards within the city of Clawson as a result of this litigation because Clawson entirely deleted its outright prohibition of billboards within the city.

Clawson argues that plaintiff did not actually litigate the constitutionality of the § 34-1110 prohibition of billboards. However, plaintiff specifically alleged in its complaint that the ordinance violated its First Amendment rights: "On its face and as applied to [plaintiff], the complete ban on billboards by the City of Clawson's Sign Ordinance violates the protections afforded free speech in the First Amendment to the United States Constitution." Plaintiff similarly raised the constitutionality of the § 34-1110 ban on billboards in its motion for summary disposition. We reject Clawson's suggestion that plaintiff never fully addressed or litigated this matter below.

In sum, plaintiff is a prevailing party under 42 USC 1988. Because plaintiff has not yet requested any definite amount of attorney fees, and because the circuit court did not award attorney fees below, we need not determine at this time the proper amount of attorney fees, if any, that should be paid to plaintiff. However, we note that plaintiff, as a prevailing party, is entitled to "reasonable" attorney fees. 42 USC 1988; *Hensley, supra* at 426. The amount of reasonable attorney fees payable to plaintiff under 42 USC 1988 must be commensurate with the degree of plaintiff's overall success in the underlying 42 USC 1983 litigation. *Texas State Teachers Ass'n, supra* at 793. We reverse the circuit court order and remand this case for further proceedings consistent with this opinion.[4]

---

[4] Clawson argues that even if plaintiff was a prevailing party, no attorney fees are awardable because the underlying litigation involved a question of public interest. On the contrary, the language of 42 USC 1988

Reversed and remanded. We do not retain jurisdiction.

does not contain any such public-interest exception. Nor does Michigan's public-question exception apply here. Michigan's exception for cases involving public questions applies only to the taxation of costs, see *In re MCI Telecom Complaint*, 460 Mich 396, 444; 596 NW2d 164 (1999), and at any rate would not apply in this case, which is governed by federal statute rather than state law.